AO 120 (Rev. 08/10)

| TO: Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court _____ on the following

☐ Trademarks or    ☐ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT |
|---|---|---|
| PLAINTIFF | | DEFENDANT |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | |
|---|---|---|
| | ☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director     Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director     Copy 4—Case file copy

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

THE HARTZ MOUNTAIN
CORPORATION,                                    Case No. _____

     Plaintiff,

v.

BOCA DEALS LLC d/b/a
AMAZON SELLER BOCA DEALS,

     Defendant.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff The Hartz Mountain Corporation ("Hartz" or "Plaintiff"), by and through its undersigned counsel, complains of Defendant Boca Deals, LLC d/b/a Amazon Seller Boca Deals (Amazon Seller ID A2VU4XR30V4OX6) ("Defendant") conduct and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1.    Hartz seeks injunctive relief and monetary damages for Defendant's false advertising and false designation of origin under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and violation of state law arising from Defendant's improper sale of Hartz Products, use of trademarks owned and used by Hartz, and unfair and deceptive business practices.

2.    As described in more detail below, Defendant has and continues to falsely advertise Hartz products through online commerce sites, including, but not limited to, Amazon.com. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Hartz.

3.     As a result of Defendant's actions, Hartz is suffering a loss of the enormous goodwill that Hartz has created in its trademarks and is losing profits from lost sales of products. This action seeks permanent injunctive relief and damages for Defendant's infringement of Hartz's intellectual property rights.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

5.     This Court also has supplemental jurisdiction over the pendant state law claim under 28 U.S.C. § 1367(a).

6.     Defendant is subject to personal jurisdiction in this forum because it is a Florida limited liability company; because Defendant is physically located in the state of Florida and sells products within the United States, the State of Florida, and this District; because Defendant misrepresented the nature of products to residents of the United States, the State of Florida, and this District; because Defendant has caused injury to Plaintiff in the United States, the State of Florida, and this District; because Defendant practices the unlawful conduct complained of herein, in part, within the United States, the State of Florida, and this District; and because Defendant regularly conducts or solicits business within the United States, the State of Florida, and this District.

7.     Venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

8.     Plaintiff The Hartz Mountain Corporation is a New Jersey corporation with its principal place of business in Secaucus, New Jersey.  Hartz develops, markets, and sells a variety

of pet care products.   Hartz sells its products under the Hartz brand (the "Hartz Products") throughout the United States.

9.      Defendant BOCA DEALS LLC is a Florida limited liability company with its principal place of business located at 3000 NW 27th Avenue, Suite 1004, Pompano Beach, Florida, 33069.   Defendant does business, and has done business and sold products, including Hartz Products, to consumers within the State of Florida and this District through various online commerce sites, including, but not limited to, Amazon.com, using seller names, including, but not limited to, "Boca Deals" (Amazon Seller ID A2VU4XR30V4OX6). Defendant is an unauthorized dealer of Hartz Products.

## FACTS

*Hartz's Trademark Usage*

10.      The U.S. Patent and Trademark Office ("USPTO") has issued several registrations for marks used with pet care products (hereinafter, the "Hartz Marks").   The Hartz Marks include, but are not limited to:

| Mark | Registration Number/ Serial Number | Registration Date/ Filing Date |
|---|---|---|
| **Hartz** | 9,7120,819 | November 11, 2021 |
| **HARTZ** | 6,318,647 | April 13, 2021 |
| **HARTZ** | 3,222,910 | March 27, 2007 |
| **HARTZ** | 0,993,444 | September 24, 1974 |
| **HARTZ** | 0,993,373 | September 24, 1974 |
| **HARTZ** | 1,017,875 | August 12, 1975 |
| **HARTZ** | 0,943,059 | September 19, 1972 |

11.     The Hartz Marks have been in continuous use since at least their respective dates of registration.

12.     Hartz advertises, distributes, and sells its Hartz Products to consumers under the Hartz Marks.

13.     The federal trademark registrations for the Hartz Marks were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of the validity of the Hartz Marks.

14.     Hartz has invested a substantial amount of money and has expended significant time and effort in advertising, promoting, and developing the Hartz Marks throughout the United States and the world.  As a result of such advertising and promotion, Hartz has established substantial goodwill and widespread recognition in the Hartz Marks, and the Hartz Marks have become associated exclusively with Hartz and the Hartz Products by both customers and potential customers, as well as the general public at large.

15.     To create and maintain such goodwill among its customers, Hartz has taken substantial steps to ensure that products bearing the Hartz Marks are of the highest quality.  As a result, the Hartz Marks have become widely known and are recognized throughout the United States and the world as symbols of high quality products.

16.     As a result of, *inter alia*, the care and skill exercised by Hartz in the conduct of its business, the high quality of the goods sold under the Hartz Marks, and the extensive advertising, sale, and promotion by Hartz of its products, the Hartz Marks have acquired secondary meaning in the United States and the world, including this District.

4

17.     Hartz is not now, nor has it ever been, affiliated with Defendant, and has not now, nor has it ever, given Defendant permission to use any of the Hartz Marks.

***Defendant's Infringing and Improper Conduct***

18.     Hartz has never authorized or otherwise granted Defendant permission to sell Hartz Products.  Defendant is not a Hartz authorized reseller. Accordingly, Defendant is not authorized to sell Hartz Products.

19.     Despite this, Defendant has sold and is currently selling non-genuine Hartz Products on various online commerce sites, including, but not limited to, Amazon.com, using seller names, including, but not limited to, "Boca Deals" (Amazon Seller ID A2VU4XR30V4OX6).

20.     Defendant offers for sale and sells the non-genuine Hartz Products on the Internet using the Hartz Marks.

21.     The non-genuine Hartz Products that Defendant sells online through Amazon.com are advertised as being in "new" condition.

22.     The below are a examples of Defendant's product listings advertising non-genuine Hartz Products:



5

23.     The Hartz Products that Defendant offers for sale and sells online are advertised as being in "new" condition.



24.     Defendant is offering for sale "new" Hartz Products on the Internet, including but not limited to, Amazon.com, but fulfilling the orders to consumers with non-genuine Hartz Products including products that are used, returned, and/or liquidated Hartz Products purchased by Defendant at liquidation. Such liquidated products have been purchased and sold once previously, are used and/or returned products, and may be in damaged condition, and therefore are used and not "new" as Defendant advertises.

25.     The Hartz Products sold by Defendant are illegitimate and non-genuine Hartz Products.

26.     Defendant represents that the Hartz Products it lists for sale on the Internet are "new," yet the products actually sold by Defendant and received by consumers are not "new." Instead, they are non-genuine, "used" and/or returned products or products bought at liquidation, rather than genuine products in "new" condition.

27.     Defendant's promotion and sale of Hartz Products on the Internet without authorization or license creates the false impression that Defendant is authorized by Hartz to sell Hartz Products, when it is not, and has caused consumer confusion and disappointment.

28.     In addition to harm to consumers, Defendant's promotion and sale of Hartz Products on the Internet without authorization or license directly harms Hartz.  When consumers purchase Hartz Products from Defendant, they expect that the products they receive are new and in proper working order.   Instead, their image of Hartz is diminished because they receive liquidated, used, or non-genuine product of unknown origin.  Hartz's opportunity to sell genuine, high-quality products to those consumers may be lost forever.  As a result of Defendant's conduct, Hartz suffers substantial and irreparable harm to its brand, image, business, and goodwill with the public.

29.     On June 22, 2024, a recent customer of Defendant named robert gray left the following 1-star (out of 5-stars) feedback after purchasing a product from the Defendant:

> "Package was previously open and contents replaced. Packaging was damaged and re-bagged. Shipping was extended and then was not what I ordered."

30.     On June 16, 2024, a recent customer of Defendant named "Amazon Customer" left the following 1-star (out of 5-stars) feedback after purchasing a product from the Defendant:

> "The box was torn, taped back together and partially crushed such that I could not be confident the contents were intact."

31.     On May 23, 2024, a recent customer of Defendant named "G" left the following 1-star (out of 5-stars) feedback after purchasing a product from the Defendant:

> "Marketed as new, product came with parts of original wrapper missing and missing 2 other pieces. Seller clearly knew of issues but still sent anyways."

32.     On April 28, 2024, a recent customer of Defendant named "Anubis" left the following 1-star (out of 5-stars) feedback after purchasing a product from the Defendant:

"'Sealed' package was tampered with and all packs inside box were opened and missing everything but the common cards: Filed for a refund!"

33.     On April 5, 2024, a recent customer of Defendant named "Ahmed" left the following 1-star (out of 5-stars) feedback after purchasing a product from the Defendant:

"Item received damaged."

34.     On March 28, 2024, a recent customer of Defendant named "John A." left the following 1-star (out of 5-stars) feedback after purchasing a product from the Defendant:

"Package was ripped, open with tape on it and a new sticker…clearly used/returned. Need better controls to only send new items. I am returning."

35.     On December 13, 2023, a recent customer of Defendant named "Amazon Customer" left the following 1-star (out of 5-stars) feedback after purchasing a product from the Defendant:

"Box all torn and smashed products hanging out looks used."

36.     On November 26, 2023, a recent customer of Defendant named "Amazon Customer" left the following 1-star (out of 5-stars) feedback after purchasing a product from the Defendant:

"Bought this new as a gift and the item came used in a package all taped up, half ripped half opened, and dirty. Zero effort put to even try to pass it as a new item. Embarassing!"

37.     On November 12, 2023, a recent customer of Defendant named "Beverly Law" left the following 1-star (out of 5-stars) feedback after purchasing a product from the Defendant:

"Item was said to be new. It was used."

38.     On November 1, 2023, a recent customer of Defendant named "Amanda Mae" left the following 1-star (out of 5-stars) feedback after purchasing a product from the Defendant:

"Seller sold a used item as new. Product was missing new packaging, dented, scratched and was wet inside. Now I have to go out of my way to return item."

39.     On September 23, 2023, a recent customer of Defendant named "Joan" left the following 1-star (out of 5-stars) feedback after purchasing a product from the Defendant:

"The box was damaged missing stuff from the box."

40.     On September 4, 2023, a recent customer of Defendant named "Rob" left the following 1-star (out of 5-stars) feedback after purchasing a product from the Defendant:

"Item sold as new but was resealed."

41.     On August 19, 2023, a recent customer of Defendant named "Brown town" left the following 1-star (out of 5-stars) feedback after purchasing a product from the Defendant:

"Item arrived damaged. Looked like it has been chewed on by a dog."

42.     On November 29, 2023, a recent customer of Defendant named "Hillary" left the following 2-star (out of 5-stars) feedback after purchasing a product from the Defendant:

"The box was badly damaged, to the point there was a hole in the back. Also, although the items inside were intact, the box had obviously been opened. I thought I was buying it 'new' but that's not what 'new' means."

43.     On October 30, 2023, a recent customer of Defendant named "Atlien84" left the following 2-star (out of 5-stars) feedback after purchasing a product from the Defendant:

"Item didn't seem new. The primary packaging was torn and retaped. Makes me think the item was not new."

44.     Offering Hartz Products as "new" despite the fact that they are non-genuine, used, liquidated, and/or non-genuine products of unknown origin results in poor brand experiences such as the examples above.

45.     Defendant's conduct results in consumer confusion, the dilution of Hartz's goodwill and trade name, as well as lost sales and profits of actual "new" Hartz Products.

46.     Moreover, Defendant is also improperly manipulating the online review system and falsely advertising its positive online review score in order to deceive customers and improperly compete with Hartz for sales.

47.     Defendant's storefront lists the following:



48.     Defendant goes so far as to claim that none of its reviews are 1-stars or 2-stars, that only 1% of its reviews are 3-stars, and that it has received only a handful of 4-star reviews.



49.     Customers rely upon and use the above positive rating when deciding which merchant to make a purchase from.

50.     However, Defendant's true rating is far lower than it appears, as Defendant is purposefully hiding poor reviews by falsely reporting these reviews as being the fault of the

fulfillment service. In short, Defendant is purposefully suppressing honest negative reviews it has received from customers.

51.     After receiving a poor customer review, Defendant falsely reports the poor customer review as being the fault of the fulfillment service with full knowledge that the fulfillment service had no part in the product which created the poor customer experience.

52.     When reported in this manner, the review does not count towards the seller's feedback score.

53.     Despite holding itself out to consumers as having 99% positive feedback over the last 12 months with 390 reviews, with zero percent reviews of 1-star or 2-stars and one percent of reviews of 3-star, approximately 206 of Defendant's customers have left a 1-star review, 36 have left a 2-star review, and 27 have left a 3-star review. Thus, instead of the insignificant and almost non-existent poor reviews as reported, Defendant has received approximately ***269 poor reviews*** in the last twelve months.

54.     By falsely reporting the poor feedback as a *fulfillment* issue with full knowledge that it is instead a *product* issue, Defendant purposefully manipulates the feedback to artificially inflate its feedback and positivity score all to its benefit but to the detriment of unsuspecting customers and legitimate resellers who do not engage in this practice.

55.     But for Defendant's manipulation and purposeful suppression of honest negative reviews, it would have a far lower feedback and positivity score resulting in far less sales to Defendant and far more sales to Hartz (which uses Amazon as a retailer).

56.     As described in detail above, Defendant intentionally advertises and sells Hartz Products in ways that are likely to deceive consumers and create consumer confusion.

57.     Defendant's continued advertisement, display, and sale of Hartz Products bearing the Hartz Marks has harmed, and continues to harm, Hartz and its relationship with consumers.

***Likelihood of Confusion and Injury Caused by Defendant's Actions***

58.     Defendant's actions substantially harm Hartz by placing infringing, falsely advertised Hartz Products into the stream of commerce in the United States.

59.     Defendant's advertisement and sale of "new" Hartz Products bearing the Hartz Marks is likely to cause—and has caused—confusion and disappointment among consumers regarding Hartz's sponsorship or approval of those products.

60.     Defendant's actions substantially harm Hartz and consumers who ultimately purchase Defendant's falsely advertised Hartz Products believing them to be the same high-quality Hartz Products that they would receive from Hartz. Defendant's actions cause consumers to not receive the product as he or she intended.

61.     Defendant's actions substantially harm Hartz's goodwill and reputation when consumers learn that the Hartz Products they purchased are not as advertised.

62.     Defendant's conduct likely results in consumer confusion as well as the dilution of Hartz's goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

63.     The harm being caused by the Defendant in this case is not theoretical. Purchasers on Amazon.com have complained about Defendant's false and misleading advertisements, as described herein.

64.     As a result of Defendant's actions, Hartz is suffering the loss of the enormous goodwill it created in the Hartz Marks.

65.     Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Hartz irreparable harm.

## COUNT I
## False Advertising in Violation of 15 U.S.C. § 1125(a)

66.     Hartz hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

67.     This is a claim for federal trademark infringement under 15 U.S.C. § 1125(a).

68.     Hartz engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the Hartz Marks, throughout the United States.

69.     The Hartz Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing Hartz's products and services.

70.     By selling or distributing products using the Hartz Marks as alleged herein, Defendant is engaging in false advertising, and/or falsely representing sponsorship by, affiliation with, or connection to Hartz and its goods and services in violation of 15 U.S.C. § 1125(a).

71.     Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products.  These advertisements contain actual misstatements and/or misleading statements, including the authenticity, origin, and condition of these products and/or the positivity or feedback rating of its storefront.  These false statements actually deceive, or have a tendency to deceive, a substantial segment of Hartz's customers and potential customers.  This deception is material in that it is likely to influence the purchasing decisions of Hartz's customers.

72.     By advertising or promoting products using the Hartz Marks as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

13

73.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Hartz Marks, thereby causing immediate, substantial, and irreparable injury to Hartz.

74.     By selling and advertising products under the Hartz Marks as alleged herein, Hartz is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

75.     As a direct and proximate result of Defendant's actions, Hartz has been, and continues to be, damaged by Defendant's activities and conduct.  Defendant has profited thereby, and unless its conduct is enjoined, Hartz's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Hartz is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II
## False Designation of Origin in Violation of 15 U.S.C. § 1125(a)

76.     Hartz hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

77.     This is a claim for federal trademark infringement under 15 U.S.C. § 1125(a).

78.     Hartz engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the Hartz Marks, throughout the United States.

79.     The Hartz Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing Hartz products and services.

80.     By selling or distributing products using the Hartz Marks as alleged herein, Defendant is engaging in unfair competition, false advertising, and/or falsely representing sponsorship by, affiliation with, or connection to Hartz and its goods and services in violation of 15 U.S.C. § 1125(a).

14

81.     By advertising or promoting products using the Hartz Marks as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

82.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Hartz Marks, thereby causing immediate, substantial, and irreparable injury to Hartz.

83.     By selling and advertising products under the Hartz Marks as alleged herein, Hartz is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

84.     As a direct and proximate result of Defendant's actions, Hartz has been, and continues to be, damaged by Defendant's activities and conduct, including but not limited to the loss of sales of properly advertised and new products.  Defendant has profited thereby, and unless its conduct is enjoined, Hartz reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.  Accordingly, Hartz is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT III
## The Florida Deceptive & Unfair Trade Practices Act (Fla. Stat. §§ 501.201–501.213)

85.     Hartz hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

86.     Defendant's past and continued false advertising and false designation of origin, and willful suppression of truthful negative online reviews, constitutes unfair and deceptive acts or practices in the conduct of trade or commerce in violation of FDUTPA.

87.     By engaging in the misconduct as alleged herein, Defendant is likely to (and actually does) deceive consumers.

15

88.     Defendant's alleged misconduct caused Hartz to suffer actual damages in lost sales, and has also proximately caused Hartz to suffer harm to its goodwill and reputation, because consumers who purchase Hartz Products from Defendant believing Defendant to be an authorized reseller of Hartz Products are disappointed with Hartz when the product purchased does not meet their expectations.

89.     As a direct result of Defendant's unfair and deceptive trade practices, customers seeking Hartz Products from an authorized reseller did not purchase them from Hartz (or its authorized resellers) and instead unknowingly purchased them from an unauthorized party—Defendant.  Therefore, the demand for Hartz Products created by Hartz was not fulfilled by the purchase of a Hartz Product from an authorized reseller.  This results in lost revenue and actual damages to Hartz.

90.     As a direct and proximate result of Defendant's unfair and deceptive trade practices, Hartz has been injured and damaged, and is entitled to injunctive relief, actual damages, costs, and attorneys' fees.

## **RELIEF REQUESTED**

WHEREFORE, Hartz prays for judgment in its favor and against Defendant providing the following relief:

A.      Preliminarily and permanently enjoin Defendant, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with Defendant, including, but not limited to, any online platform, such as Amazon.com, or any website, website host, website administrator, domain registrar, or internet service provider, from:

i.      using, or attempting to use, any of Hartz's intellectual property, including,

16

but not limited to, the Hartz Marks;

    ii.       falsely advertising any Hartz Products;

   iii.       engaging in any activity constituting unfair competition with Hartz; and

   iv.       inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities decried in the paragraphs above.

B.      Award Hartz its actual damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and state law;

C.      Enter judgment that Defendant's acts of infringement have been knowing and willful;

D.      Award Hartz its reasonable attorneys' fees in bringing this action as allowed by law;

E.      Award Hartz pre-judgment and post-judgment interest in the maximum amount allowed under the law;

F.      Award Hartz the costs incurred in bringing this action;

G.      Award Hartz other relief as this Court deems just and proper.

## **<u>JURY TRIAL CLAIM</u>**

Hartz hereby requests trial by jury on all claims so triable.

*[Signature Page Follows]*

Dated:  July 24, 2024                          Respectfully submitted,

                                              /s/ Mallory M. Cooney
                                              Mallory M. Cooney
                                              Florida Bar No. 125659
                                              mallory.cooney@klgates.com
                                              **K&L GATES LLP**
                                              200 South Biscayne Boulevard, Suite 3900
                                              Miami, Florida 33131
                                              Telephone:  305.539.3300
                                              Fax:  305.358.7095

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

## I. (a) PLAINTIFFS

THE HARTZ MOUNTAIN CORPORATION

## DEFENDANTS

BOCA DEALS LLC d/b/a AMAZON SELLER BOCA DEALS

**(b)** County of Residence of First Listed Plaintiff

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Broward County**

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

MALLORY COONEY
K&L GATES LLP, 200 SOUTH BISCAYNE BLVD., SUITE 3900
MIAMI, FL 33131 (305) 539-3300

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*

*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | | | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans | ☐ 345 Marine Product Liability | | **LABOR** | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excl. Veterans) | | | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | | ☐ 720 Labor/Mgmt. Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed (See VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district *(specify)* ☐ 6 Multidistrict Litigation Transfer ☐ 7 Appeal to District Judge from Magistrate Judgment ☐ 8 Multidistrict Litigation – Direct File ☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)

*(See instructions):* a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO

JUDGE: _____ DOCKET NUMBER: _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1051, et seq., Trademark counterfeiting and infringement, false advertising, and unfair competition under the Lanham Act. State law claim under Fla. Stat. §§ 501.201, et seq.
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

DATE
July 24, 2024

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY : RECEIPT # _____ AMOUNT _____ IFP _____ JUDGE _____ MAG JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.**    (a) **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction**.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.  Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit**.  Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.**    **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.**    **Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
                          Brief Description: Unauthorized reception of cable service

**VIII.**    **Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: